UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IBRAHIM ABDELSALAM ABDELKARIM,

        Petitioner,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT FIELD OFFICE DIRECTOR,

        Respondent.

CASE NO. 3:23-cv-06159-JLR-GJL

REPORT AND RECOMMENDATION

Noting Date: March 1, 2024

Petitioner Ibrahim Abdelsalam Abdelkarim initiated this 28 U.S.C. § 2241 immigration habeas action *pro se* and filed a Motion for Injunctive Relief Temporary Restraining Order to obtain his immediate release from immigration detention. Dkts. 1, 2. The Government has subsequently filed a Notice of Change in Custody Status informing the Court of Petitioner's release from custody on supervision (Dkt. 14-2) along with a corresponding Motion to Dismiss for Mootness (Dkt. 14). Because this action no longer involves a live controversy for adjudication, the undersigned recommends the Motion to Dismiss be **GRANTED**, the Petition

REPORT AND RECOMMENDATION - 1

(Dkt. 10) be **DISMISSED without prejudice**, and the TRO Motion (Dkt. 2) be **DENIED** as moot.[1]

Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Here, Petitioner sought only his release from detention on supervision, so his claims have been fully resolved. *See* Dkts. 2, 10. Accordingly, there is no collateral consequence remaining to be redressed by the Court and the Petition should be dismissed as moot. *See id.*

Accordingly, the undersigned recommends that the Government's Motion to Dismiss (Dkt. 6) be **GRANTED** and this action be **DISMISSED without prejudice**. Additionally, because Petitioner was released before the District Judge made a final determination as to his TRO Motion (Dkt. 2), the undersigned **WITHDRAWS** the January 25, 2024 Report and Recommendation to deny that Motion on the merits (Dkt. 13) and, instead, recommends the Motion be **DENIED as moot**. No certificate of appealability shall issue.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda*

---

[1] Because Petitioner has obtained, through other means, the relief he seeks in his Petition and because principles of judicial economy and fairness favor an expeditious resolution to this matter, the Court issues this Report and Recommendation before the noting date for the Motion to Dismiss. *See* Dkt. 14 (noted for March 8, 2024).

*v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 1, 2024**, as noted in the caption.

Dated this 13th day of February, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3